**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce Baldwin, a single woman; and Belinda Williams, a married woman,<br><br>            Plaintiffs,<br><br>vs.<br><br>Monier Lifetile, L.L.C., a Delaware limited liability company; and Does 1-100<br><br>            Defendants. | No.  CIV05-1058-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Monier Lifetile's Motion to Dismiss or Motion for a More Definite Statement (doc. # 5). For the reasons set forth below, the Court declines to rule on the pending motion and remands this action to Maricopa County Superior Court for lack of subject matter jurisdiction.

I.     INTRODUCTION

Plaintiffs Joyce Baldwin and Belinda Williams are owners of residential and commercial structures located in Arizona. The Plaintiffs allege that these structures were constructed with defective roof tiles manufactured or produced by Defendant Monier Lifetile, and that the Plaintiffs have suffered property damage, personal injuries, lost or diminished rental income, and other economic loss as a result of the defective tiles.

On March 2, 2005, the Plaintiffs filed a Complaint in Maricopa County Superior Court on behalf of themselves and other similarly situated owners of residential and commercial

structures built with roof tiles manufactured by the Defendants. The Plaintiffs' Complaint alleges that membership of the class exceeds 5,000 individuals. The Plaintiffs' Complaint states that the nature and amount of damages suffered by the class is "not precisely known" and will be "ascertained according to proof at trial," but that the amount sought by each of the class members is "no less than $50,000.00." The Plaintiffs allege that: (1) Plaintiff Joyce Baldwin "owns a single-family residence" in Gilbert Arizona; (2) Plaintiff Belinda Williams "owns a single-family residence" in Gilbert Arizona; (3) all other similarly situated Plaintiffs "are owners of residential and commercial structures" located in Arizona; and (4) Defendant Monier Lifetile is a Delaware limited liability company transacting business in Arizona.

On April 7, 2005, Defendant Monier Lifetile removed this case to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1332, on the grounds of diversity jurisdiction, and 28 U.S.C. §§ 1446 and 1453, which provide for the removal of class actions. The Notice of Removal states that membership in the proposed class exceeds 5,000 individuals, and that the Plaintiffs' claims, if aggregated, exceed the jurisdictional requirement of 5 million dollars. The Defendant alleges that it is a Delaware limited liability company with its principal place of business in Irvine, California and that, upon information and belief, Plaintiffs Baldwin and Williams are residents of the State of Arizona.

There is no evidence before the Court that this action was certified as a class action prior to removal. No motion for class certification is presently pending. Defendant Monier Lifetile filed a Motion to Dismiss and/or Motion for More Definite Statement on April 26, 2005. As explained below, having reviewed the pleadings the Court finds that it lacks subject matter jurisdiction over this action.

II.     LEGAL STANDARD AND ANALYSIS

Federal district courts have a duty to determine the existence of subject matter jurisdiction over removed actions *sua sponte*. *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960, 966 to 360 F.3d 960, 967 (9th Cir. 2004). The court's duty to determine whether it has subject matter jurisdiction exists even if the parties fail to raise the

1 issue. *Id.* Lack of federal jurisdiction cannot be waived or be overcome by agreement of
2 the parties. *Id.*

3       The Defendant's Notice of Removal states that the Court has jurisdiction over this
4 action pursuant to 28 U.S.C. §§ 1332 and 1453. Federal jurisdiction over a civil action
5 pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the
6 plaintiffs and the defendants and the amount-in-controversy requirement has been met.
7 *Owen Equip. and Recreation Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402 (1978);
8 *Inecon Agricorporation v. Tribal Farms,* 656 F.2d 498 (9th Cir. 1981). In order to achieve
9 "complete diversity," no party plaintiff may be a citizen of the same state as any of the
10 defendants. *Owen Equipment,* 437 U.S. at 373, 98 S.Ct. at 2402; *Inecon Agricorporation,*
11 656 F.2d at 498. The jurisdictional amount-in-controversy requirement for civil actions is
12 $75,000.00. 28 U.S.C. § 1332(a).

13       The Class Action Fairness Act, amends the diversity statute and vests original
14 jurisdiction for class actions in federal court where there is "minimum diversity" and the
15 amount in controversy exceeds 5 million dollars. *Bush v. Cheaptickets, Inc.,* 425 F.3d 683,
16 684 (9th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.,* 411 F.3d 805, 806 (7th Cir. 2003).
17 "Minimum diversity" is satisfied if at least one plaintiff class member is diverse in citizenship
18 from the defendant. 28 U.S.C. § 1332(d)(2)(A); *Pritchett v. Office Depot, Inc.,* 420 F.3d
19 1090, 1092 (10th Cir. 2005). The alleged claims of the purported class members are
20 aggregated in order to determining whether the amount-in-controversy requirement has been
21 satisfied. 28 U.S.C. § 1332(d)(2); *Yescavage v. Wyeth, Inc.,* 2005 WL 2088429, 1 (M.D.
22 Fla. 2005).

23       Neither the Plaintiffs' Complaint or the Defendant's Notice of Removal allege
24 adequate facts to enable this Court to determine the state of citizenship of the Plaintiffs or the
25 Defendant. The Plaintiffs' Complaint merely alleges that Plaintiffs Baldwin, Williams, and
26 "all others similarly situated" own residential property in Gilbert, Arizona. There are no
27 allegations with respect to the Plaintiffs' state of domicile, residency, or citizenship. The
28

1  Defendant's notice of Removal alleges that Plaintiffs Baldwin and Williams are residents of
2  the state of Arizona, but fails to allege that the Plaintiffs are citizens of the state of Arizona.
3  Diversity jurisdiction is based on *citizenship* not residency. To be a citizen of a state,
4  a natural person must both be a citizen of the United States and be domiciled within the State.
5  *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 2221 (1989).
6  A person's domicile is his or her permanent home, where he or she resides with the intention
7  to remain or to return. *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir.1986). A person residing in
8  a given state is not necessarily domiciled there, and also not necessarily a citizen of that state.
9  *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). The parties in this case
10 have failed to allege the Plaintiffs' state of citizenship. Allegations of residency but not
11 citizenship are insufficient to determine the existence of diversity jurisdiction.
12 Allegations with respect to the Defendant's state of citizenship are equally deficient.
13 The Plaintiffs' Complaint alleges only that Defendant Monier Lifetile is a Delaware limited
14 liability company transacting business in Arizona. Similarly, the Defendant's Notice of
15 Removal alleges that the Defendant is a Delaware limited liability company with its principal
16 place of business in Irvine, California. Neither party makes allegations as to the state of
17 citizenship of each of Defendant Monier Lifetile's individual members or partners.
18 Unlike a corporation, an unincorporated entity such as an L.L.C. is not, without more,
19 a citizen of the state that created the entity. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-
20 88, 110 S.Ct. 1015, 1017 (1990). Rather, citizenship of the entity is determined by looking
21 at the citizenship of each of the individuals that comprise the legal entity. *Carden,* 494 U.S.
22 at 196, 110 S.Ct. at 1021. In other words, such legal entities are citizens of *every state* in
23 which each of their members or partners are citizens. *Id.*; *see also Mutuelles Unies v. Kroll*
24 *& Linstrom,* 957 F.2d 707, 711 (9th Cir. 1992) (where a partnership is a party, the citizenship
25 of each partner is considered for diversity purposes and none of the partners can be a citizen
26 of the same state as any opposing party). As is the case here, failure to allege the citizenship
27 of every member or partner is inadequate to establish diversity jurisdiction.
28

1  Because the parties have failed to allege the citizenship of the Plaintiffs and the
2  Defendant in this case, they have failed to satisfy the "minimum diversity" requirement for
3  class actions. 28 U.S.C. § 1332(d)(2)(A) (diversity exists if any member of a class plaintiff
4  is a citizen of a state different from any defendant).  If the parties have failed to allege the
5  relaxed minimal diversity requirement applicable to class actions, they have also failed to
6  allege the higher standard of "complete diversity of citizenship" applicable to regular civil
7  actions. § 1332(a)(1) (diversity exists only if none of plaintiffs are citizens of the same state
8  as any of the defendants).

9  28 U.S.C. § 1447 controls the remand of removed matters for lack of subject matter
10 jurisdiction.  Pursuant to the statute, if a district court determines at any time before final
11 judgment that it is without subject matter jurisdiction it "shall" remand the action to the state
12 court. 28 U.S.C. § 1447(c); *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th
13 Cir. 1997).  Because diversity of citizenship is not apparent on the face of the pleadings, this
14 Court lacks subject matter jurisdiction over the case.

15  Accordingly,

16  IT IS ORDERED REMANDING this case to the Maricopa County Superior Court in
17 the State of Arizona.

18  IT IS FURTHER ORDERED denying for lack of jurisdiction the Defendant's Motion
19 to Dismiss (doc. # 5).

20  IT IS FURTHER ORDERED oral argument on the Defendant's Motion to Dismiss,
21 set for December 12, 2005 at 11:00 a.m., is hereby VACATED.

22  DATED this 7th day of December, 2005.

James A. Teilborg
United States District Judge